IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY GOWTON, | Civil Action No.: |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| STATE FARM FIRE AND CASUALTY COMPANY; and STATE FARM INSURANCE COMPANIES, | |
| Defendants. | |

**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

AND NOW, COMES Defendant, State Farm Fire and Casualty Company[1] ("State Farm"), by and through its undersigned counsel, Ansley S. Westbrook II, Esquire, John J. Berry, Esquire and Dinsmore & Shohl LLP, and submits this Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of this Motion, State Farm states as follows:

**FACTUAL AND PROCEDURAL HISTORY**

1. Plaintiff Randy Gowton filed a Complaint in the Fayette County Court of Common Pleas, alleging four counts of Breach of Contract and one count of Statutory Bad Faith pursuant to 42 Pa. C.S. §8371. A copy of the Plaintiff's Complaint has been attached as Exhibit A. State Farm removed the matter to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

2. On or about March 22, 2011, the Plaintiff's home was destroyed by fire. (Compl. ¶6). Plaintiff's home was insured through a Homeowner's policy of insurance issued by State Farm. (Compl. ¶4).

---

[1] Named Defendant State Farm Insurance Companies is not a legal entity and, as noted in the Plaintiff's Complaint, did not issue the Plaintiff's insurance policy. *See*, Compl. ¶3.

1

3. Plaintiff's insurance policy contained a suit limitations clause, which required that any litigation initiated by the insured against State Farm must be "started within one year after the date of loss or damage." (Plaintiff's Homeowner's insurance policy, Compl. Ex. A at p. 14).

**LEGAL ARGUMENT**

a. <u>**Plaintiff's contractual claims are time-barred**</u>

4. Under Pennsylvania law, parties to a contract may validly limit the statutory limitations period to a shorter time "which is not manifestly unreasonable." 42 Pa. C.S. § 5501.

5. Contractual limitations periods in insurance policies of one year have routinely been upheld as reasonable by Courts applying Pennsylvania law. *Palmisano v. State Farm Fire & Cas. Co.*, 2012 WL 3595276 (W.D. Pa. Aug. 20, 2012).

6. In his Complaint, the Plaintiff avers that the date of loss or damage giving rise to this litigation occurred on March 22, 2011. (Compl. ¶4).

7. Pursuant to the clear language of the Plaintiff's insurance policy, the Plaintiff was required to file suit against State Farm **no later than March 22, 2012**. The Plaintiff initiated this lawsuit by Writ of Summons on March 19, 2015, and did not file a Complaint in this matter until August 10, 2015. *See*, Fayette County civil docket no. 2015-516, CM/ECF document no. 1-3. Accordingly, Plaintiff's contractual claims are time-barred and fail as a matter of law.

b. **Plaintiff's Statutory Bad Faith claim fails as a matter of law.**

8. In order to survive a Rule 12(b)(6) Motion to Dismiss, a Complaint must aver facts sufficient to "raise a right to relief above a speculative level" and must contain sufficient factual allegations to be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

9. In order to properly plead a claim for Statutory Bad Faith pursuant to Plaintiff aver facts sufficient to give rise to the reasonable inference that (1) the insurer did not have a

reasonable basis for its actions and (2) knew or recklessly disregarded the fact that it lacked a reasonable basis for its actions. *Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 225 (3d Cir. 2000).

10. Under Pennsylvania law, "bad faith must be proven by clear and convincing evidence and not merely insinuated." *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994) (citing *Cowden v. Aetna Casualty and Surety Company*, 134 A.2d 223, 229 (1957); *Hall v. Brown*, 526 A.2d 413, 416 (Pa. Super. 1987).

11. Accordingly, courts applying Pennsylvania law consistently hold that "conclusory or bare-bones allegations [of bad faith] will not survive a Motion to Dismiss." *Liberty Ins. Corp. v. PGT Trucking, Inc.*, 2011 U.S. Dist. LEXIS 68444, *12 (W.D.Pa. Jun 27, 2011); *see also*, *Booze v. Allstate Ins. Co.*, 750 A.2d 877 (Pa. Super. Ct. 2000). **A claim of statutory bad faith must be supported by some "facts that describe who, what, where, when, and how the alleged bad faith conduct occurred."** *Liberty Ins. Corp.*, 2011 U.S. Dist. LEXIS at 13.

12. The Plaintiff has failed to plead any facts which could give rise to a Statutory Bad Faith claim. Rather, the Plaintiff's bad faith allegations are limited to one boilerplate paragraph which indicates that the sole basis for Plaintiff's bad faith claim is Plaintiff's disagreement with State Farm's coverage decision. Therefore, Plaintiff's bad faith claim must be dismissed because the Plaintiff has failed to plead factual material sufficient to state a claim for Statutory Bad Faith that is plausible on its face.

13. State Farm incorporates by reference all of the arguments set forth in its concurrently filed Brief in Support of this Motion to Dismiss.

WHEREFORE, Defendant, State Farm Fire and Casualty Co., respectfully requests that this Honorable Court grant the within Motion to Dismiss and dismiss all claims against State Farm with prejudice.

Dated: September, 9  2015  Respectfully Submitted,

/s/ Ansley S. Westbrook, II
Ansley S. Westbrook, II, Esquire
Pa. I.D. No. 77732
John J. Berry, Esquire
Pa. I.D. No. 313481

DINSMORE & SHOHL, LLP
Firm I.D. # 732
One Oxford Centre - 28th Floor
301 Grant Street
Pittsburgh, PA  15219
Telephone: (412) 281-5000
Facsimile: (412) 281-5055

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **MOTION TO DISMISS** was served via the Court's CM/ECF system and U.S. mail, on this 9th day of September, 2015 upon the following.

>Randall G. Klimchock, Esquire
>1 Etze Avenue, Suite 214
>Mt. Pleasant, PA 15666
>(*Counsel for Plaintiff*)


>/s/  Ansley S. Westbrook, II
>Ansley S. Westbrook, II, Esquire
>John J. Berry, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY GOWTON,<br><br>　　　　Plaintiff,<br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY; and STATE FARM INSURANCE COMPANIES,<br><br>　　　　Defendants. | Civil Action No.:<br><br><br>**JURY TRIAL DEMANDED** |

## ORDER OF COURT

AND NOW, on this _____ day of _____, 2015, it is hereby ORDERED, ADJUDGED and DECREED that Defendant State Farm Fire and Casualty Company's Motion to Dismiss is GRANTED, and all claims against State Farm are dismissed with prejudice.

　　　　　　　　　　　　　　　　　　　　BY THE COURT

　　　　　　　　　　　　　　　　　　　　_____