# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY GOWTON, | ) |
| Plaintiff, | ) Civil Action No. 15-1164 |
| v. | ) Judge Cathy Bissoon |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

This matter is before the Court upon a Motion to Dismiss filed by Defendant State Farm Fire and Casualty Co. ("State Farm") (Doc. 3). For the reasons that follow, State Farm's Motion will be granted.

### BACKGROUND

On March 22, 2011, a home owned by Plaintiff Randy Gowton ("Gowton") sustained extensive fire damage. Compl. (ECF No. 1-2) ¶¶ 4-6. At the time, Gowton's property was insured by State Farm pursuant to Homeowner's Insurance Policy Number 38-PT-9631-0 ("Policy"). Id. ¶ 4; Insurance Policy (ECF No. 1-2) Ex. A. The Policy provided for fire damage coverage in the amount of $190,733.00 and personal property coverage in the amount of $140,050.00. Id. ¶¶ 7-8. It also provided for various additional coverage, including debris removal, loss of trees, shrubs and plants and additional dwelling loss. Id. ¶ 12.

Gowton's residence was a total loss. Id. ¶ 9. Gowton promptly notified State Farm of the damage and submitted an estimate of $293,911.80 for the replacement cost of the destroyed

structure. Id. ¶¶ 10, 17. Gowton also requested $15,000.00 for damage to the home's foundation, $90,000.00 in personal property loss, $11,443.98 for debris removal and $9,536.65 for damage to trees and plants. Id. ¶¶ 29, 33, 36-37.

Based on its own damage assessment, State Farm, to date, only has paid $112,694.35 for damage to the residence. Id. ¶ 14. Gowton responded by filing the instant lawsuit, arguing that State Farm's assessment is inaccurate and understated. Id. ¶¶ 16, 19. Gowton is seeking to recover the difference between the Policy's limits and the amount actually paid by State Farm.

**ANALYSIS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When faced with a motion to dismiss, a court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009).

Counts I through IV of Gowton's complaint each assert a claim for breach of contract. The statute of limitations for such claims in Pennsylvania ordinarily is four years. 42 Pa. C.S. § 5525. However, Pennsylvania law permits the parties to a contract to validly limit the limitations period to a shorter time so long as it "is not manifestly unreasonable." 42 Pa. C.S. § 5501 (stating that an action must be commenced within the statutory time period "unless . . . *a shorter time which is not manifestly unreasonable is prescribed by written agreement*") (emphasis added). Contractual limitations periods of one year in insurance policies "have routinely been upheld as reasonable in Pennsylvanian courts." Palmisano v. State Farm Fire & Casualty Co., 2012 WL 3595276, at *9 (W.D. Pa. Aug. 20, 2012) (collecting cases);

McElhiney v. Allstate Ins. Co., 33 F. Supp.2d 405, 406 (E.D. Pa. 1999) ("Absent a statutory prohibition, parties may contract for a shorter limitations period as long as it is reasonable."); Lardas v. Underwriters Inc. Co., 231 A.2d 740, 741 (Pa. 1967) (upholding a 12 month limitation period as reasonable).

In the instant case, Gowton's Policy contained a provision that explicitly required any lawsuit arising from the Policy to be brought within one year of the date of loss:

> **Suit Against Us**. No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage.

ECF No. 1-2 Ex. A. As noted above, Pennsylvania courts routinely have upheld provisions containing this precise language. Palmisano, 2012 WL 3595276, at *10 (concluding that the one year limitation period provided in State Farm's "Suits Against Us" clause is reasonable and valid). Gowton initiated the instant action on August 10, 2015, approximately four years after the fire that damaged Gowton's home. Compl. (ECF No. 1-2). In the absence of any indication that the contractual limitation is unreasonable, Gowton's claims are untimely and must be dismissed.

In his response, Gowton concedes that such provisions routinely are upheld, but argues that a different result is warranted here because the Policy also contained a "Conformity to State Law" provision. That provision stated that, "[w]hen a policy provision is in conflict with the applicable law of the State in which this policy is issued, the law of the State will apply." ECF 1-2 Ex. A. Gowton suggests that the limitations provision in the Policy conflicts with the four-year statutory limitations period prescribed by Pennsylvania law and, consequently, is negated by the "Conformity to State Law" provision. Gowton's argument is unavailing.

3

Pennsylvania law explicitly provides that the parties to a contract may agree to a shorter limitations period so long as that period is not manifestly unreasonable. 42 Pa. C.S. § 5501. Pennsylvania courts routinely have held that similar limitations periods are reasonable and valid. Palmisano, 2012 WL 3595276, at *9-10. In other words, the abbreviated limitations period in the Policy is *expressly authorized by*, rather than in conflict with, Pennsylvania law. In the absence of any such conflict, the "Conformity to State Law" clause has no impact on the validity of the limitations clause. Accordingly, State Farm's request for dismissal of Gowton's breach of contract claims will be granted.

Gowton's remaining claim, set forth in Count V, alleges that State Farm acted in bad faith. To establish a bad faith claim in Pennsylvania, "a plaintiff must show by clear and convincing evidence that the insurer (1) did not have a reasonable basis for denying benefits under the policy and (2) knew or recklessly disregarded its lack of a reasonable basis in denying the claim." Post v. St. Paul Travelers Ins., 691 F.3d 500, 522-23 (3d Cir. 2012) (internal quotations omitted). For purposes of an action against an insurer for failing to pay a claim, "such conduct imports a dishonest purpose and means a breach of a known duty (*i.e.*, good faith and fair dealing) through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith." Id. at 523 (quotations omitted). "Conclusory or bare-bones allegations [of bad faith] will not survive a [m]otion to [d]ismiss." Liberty Ins. Co. v. PGT Trucking, Inc., 2011 WL 2552531, at *4 (W.D. Pa. Jun. 27, 2011) (internal quotations omitted).

Gowton's lone allegation in support of his bad faith claim consists of the conclusory averment that "[t]he conduct of [State Farm] in refusing to pay the additional amounts due on the Plaintiff's claim under the Policy . . . constitute[s] bad faith." Compl. ¶ 40. Elsewhere in his

Complaint, Gowton suggests that State Farm relied on loss calculations that were unsupportable, but he does not explain how or why those calculations were inadequate. Id. ¶¶ 15, 19.

It is well-settled in Pennsylvania that "an insurer's low but reasonable estimate [of loss] does not evidence bad faith." Great Lakes Reinsurance (U.K.) PLC v. Stephens Garden Creations, Inc., 119 F. Supp.3d 297, 305 n.9 (E.D. Pa. 2015); Seto v. State Farm Ins. Co., 855 F. Supp.2d 424, 430 (W.D. Pa. 2012) ("Pennsylvania law does not treat as bad faith an insurer's low but reasonable estimate of an insured's losses"). Rather, bad faith arises from conduct such as "an unreasonable delay in handling claims; a frivolous or unfounded refusal to pay; a failure to communicate with the insured; acting in a dilatory manner; and settlement offers which bear no reasonable relationship to the insured's reasonable . . . expenses." Rowe v. Nationwide Ins. Co., 6 F. Supp.3d 621, 630 (W.D. Pa. 2014) (collecting cases). Gowton's conclusory averment that State Farm's offer was unreasonably low is insufficient to state a claim for bad faith in the absence of any supporting allegations. See, e.g., Sypeck v. State Farm Mut. Auto Ins. Co., 2012 WL 2239730, at *3 (M.D. Pa. Jun. 15, 2012) (dismissing a bad faith claim based entirely on the fact that the insurer's offer appeared unreasonably low because it was supported "almost entirely with conclusory allegations using boilerplate language"). As such, dismissal of the bad faith claim is warranted.

Consistent with the analyses above, the Court hereby enters the following:

## II. ORDER

State Farm's Motion to Dismiss (**Doc. 3**) is **GRANTED**. Because amendment would be futile as to Counts I through IV of the Complaint, those claims are **DISMISSED WITH PREJUDICE**. As to Count V, Plaintiff may attempt to cure his pleading deficiencies by filing an amended complaint **on or before July 8, 2016**. No further opportunity for amendment will

be afforded, and, if an amended complaint is not timely filed, the dismissal will be deemed with-prejudice and final judgment will be entered pursuant to Federal Rule 58.

IT IS SO ORDERED.


June 29, 2016                                             s\Cathy Bissoon
                                                         Cathy Bissoon
                                                         United States District Judge

cc (via ECF email notification):

All Counsel of Record